IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| The Weitz Company, LLC, ) | |
| ) | |
| Plaintiff/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0559-CV-W-NKL |
| ) | |
| MH Washington, LLC, ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| McCambridge Brothers Construction ) | |
| Company, Inc., et al. ) | |
| ) | |
| Third-Party Defendants. ) | |

**ORDER**

Pending before the Court is Third-Party Defendant Summit Steel Fabricators, Inc.'s ("Summit") Motion to Abstain or Stay the Action and/or in the Alternative for Extension of Time to File a Responsive Pleading or Motion Responding to Third-Party Complaint [Doc. # 39]. For the reasons set forth herein, Summit's Motion to Abstain or Stay the Action is denied. Summit's Alternative Motion for Extension of Time to File a Responsive Pleading is granted in part.

**I.    Overview**

The Weitz Company, LLC ("Weitz"), filed the instant action on July 11, 2006, against MH Washington, LLC ("MH Washington"). In Weitz's Complaint, it alleges

1

that, as a general contractor working on MH Washington's property ("Project"), it provided certain labor and materials for which it was never paid. Weitz's Complaint alleges causes of action for breach of contract and quantum meruit and seeks over $1.9 million in damages. MH Washington filed a counterclaim against Weitz in which it alleges that Weitz's subcontractors' work was defective and delayed. Shortly thereafter, Weitz filed a third-party complaint against four of its subcontractors, one of which was Summit.

Summit represents that, on July 28, 2006, subcontractor Arrowhead Contracting, Inc. ("Arrowhead"), filed an action in the Circuit Court of Jackson County, Missouri, Case No. 0616-cv-20191 ("State Action"), against MH Washington, Weitz, Summit, and others alleging that it had not been paid for labor and materials provided on the Project. According to Summit, "Arrowhead [seeks] recovery under various theories including breach of contract, Missouri's prompt pay act and retainage statute, quantum meruit, unjust enrichment, and it also sought foreclosure of its mechanic's lien against the Property." (Doc. 40 at 3.) Arrowhead named Summit as a defendant in the State Action. Summit previously filed a mechanic's lien in state court for unpaid labor and materials provided on the Project.

Summit also represents that "[t]he claims raised and the facts at issue in both cases are nearly identical" and that "all of the necessary and/or interested parties were already in place, named or otherwise, in the State Action by the end of 2006." (Doc. 40 at 1-3.) Summit, however, has submitted no evidence verifying any of its representations.

2

## II. Discussion

Federal courts may abstain from adjudicating or stay an adjudication pending completion of a parallel state proceeding. *Warmus v. Melahn*, 110 F.3d 566, 567 (8th Cir. 1997). However, in *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15, 103 S. Ct. 927 (1983), the Supreme Court held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, and that the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." (Quotation and alterations omitted.)

In deciding whether to abstain or stay, a federal court considers (1) the order in which jurisdiction was established and whether either court has established jurisdiction over contested property, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) whether the later filed suit was a defensive reaction to the earlier filed suit, and (5) whether state or federal law provides the rule of decision on the merits. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236 (1976); *Moses*, 460 U.S. at 17, n.20, 23-26. Notwithstanding this decisional framework, the Supreme Court has cautioned district courts against abstaining or staying adjudications:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses*, 460 U.S. at 28.

As a threshold matter, in order to abstain from exercising jurisdiction or stay the instant case pending resolution of a parallel state action, the Court must find that a parallel state action exists. Summit has submitted no evidence in support of its representation that the State Action exists or that it is an action parallel to this case. Therefore, Summit's Motion to Abstain or Stay the Action must be denied.

Even if Summit had submitted evidence supporting its representations, its Motion to Abstain or Stay the Action would be denied for the following reasons:

First, according to Weitz, at least three critical parties (McCambridge Brothers Construction Company, Inc.; The Drywall Guys, Inc.; and Fidelity & Surety Deposit Company of Maryland, Inc.) as well as the bulk of the claims (the State Action represents less than 3% of the total claims asserted in the instant action) pertaining to the Project are present in the instant action but absent from the State Action. As a result, the State Action cannot be an "adequate vehicle for the complete and prompt resolution of the issues between the parties."

Second, Summit is contractually obligated to participate in the instant action. Paragraph 10.4 of the contract between Weitz and Summit reads as follows:

> **10.4 Joinder**
> The Contractor shall give the Subcontractor prompt written notice of any demand received or made by the Contractor for mediation, arbitration, or other dispute resolution process with the Owner if the dispute involves or relates to the Subcontractor's Work. The Subcontractor hereby consents to inclusion in the Owner-Contractor dispute resolution proceeding whether by

4

> joinder, consolidation or otherwise, upon such request by
> Contractor, and agrees to be bound by such dispute resolution
> process to the same extent Contractor is bound thereby.

Weitz represents that the instant action is the only suit in which the claims between the owner (MH Washington) and the contractor (Weitz) are being adjudicated. Thus, Summit is contractually obligated to participate in the instant action.

Third, other valid considerations weigh in favor of the Court denying Summit's Motion to Abstain or Stay: (1) the instant action was initiated by Weitz prior to Arrowhead initiating the State Action, discovery has begun in the instant action, and the State Action has been significantly slowed by a party filing a notice of appeal after unsuccessfully seeking to compel arbitration; (2) the federal forum is more convenient for the parties because it allows for ECF filing whereas the state court requires pleadings to be manually filed; (3) the instant action does not involve any unique state law issues that should properly be decided by a state court; (4) no evidence has been submitted that either action was filed for vexatious purposes; and (5) piecemeal litigation will not be avoided by abstaining or staying this case because the State Action would not completely resolve the claims at issue in the instant action.

Finally, Summit argues that the Court grant its Motion to Abstain or Stay because "Summit asserted a mechanic's lien against the Property and is asserting a claim to enforce its lien by virtue of an equitable mechanic's lien action. . . . Under the Missouri statues, an action to enforce a mechanic's lien must be brought in the State Court in the county where the property is located." (Doc. 40 at 6.) Though the state court is the

5

appropriate forum for a party seeking to enforce a mechanic's lien, Summit's substantive right to recovery is based in contract, which this Court may adjudicate.

Therefore, for the reasons stated herein, Summit's Motion to Abstain or Stay the Action is denied.

## III.  Conclusion

Accordingly, it is hereby ORDERED that

(1)  Summit's Motion to Abstain or Stay the Action [Doc. # 39] is DENIED; and

(2)  Summit's unopposed Alternative Motion for an Extension of Time to File a Responsive Pleading to Third-Party Complaint is GRANTED IN PART. Summit must file its responsive pleading within ten days of this Order.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 27, 2007  
Jefferson City, Missouri