# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| The Weitz Company, LLC, ) | |
| ) | |
|     Plaintiff/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0559-CV-W-NKL |
| ) | |
| MH Washington, LLC, ) | |
| ) | |
|     Defendant/Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| McCambridge Brothers Construction ) | |
| Company, Inc., et al. ) | |
| ) | |
|     Third-Party Defendants. ) | |

## ORDER

Pending before the Court are Defendant MH Washington, LLC's ("MH Washington") Motion to Dismiss Weitz Company's ("Weitz") Counterclaim [Doc. # 26] and Third-Party Defendant Arrowhead Contracting Inc.'s ("Arrowhead") Motion to Compel Third-Party Plaintiff ("Weitz") to Arbitration or, in the alternative, for Leave to File Counterclaim Against Weitz [Doc. # 43]. For the reasons set forth herein, MH Washington's Motion to Dismiss is denied, and Arrowhead's Motion to Compel Arbitration is denied. Arrowhead's alternative Motion for Leave to File Counterclaim is granted.

**I.    MH WASHINGTON'S MOTION TO DISMISS WEITZ'S COUNTERCLAIM**

1

### A. Overview

The Weitz Company, LLC ("Weitz") filed the instant action on July 11, 2006 against MH Washington, LLC ("MH Washington"). In Weitz's Complaint, it alleges that, as a general contractor working on MH Washington's property (the "Project"), it provided certain labor and materials for which it was never paid. Weitz's Complaint alleges causes of action for breach of contract and quantum meruit and seeks over $1.9 million in damages. MH Washington filed a counterclaim against Weitz in which it alleges that Weitz's work was in breach of the parties' contract ("Contract") because it was defective and untimely. Shortly thereafter, Weitz answered MH Washington's counterclaim, and filed a four-count third-party complaint against its subcontractors and Fidelity & Deposit Company of Maryland and a counterclaim against MH Washington.

Weitz's counterclaim against MH Washington includes two counts. In Count I (Contractual Indemnity), Weitz claims that it "is entitled to recover from MHW as performance guarantor of all subcontractors . . . any and all expenses, costs or attorneys' fees incurred by Weitz to address the claims of MHW, including full recovery and reimbursement for any liability or liquidated damages that might be apportioned to Weitz as a result of the work of subcontractors." (Doc. 25, ¶ 66). Similarly, in Count IV (Breach of Contract), Weitz claims that it is entitled to recover from MH Washington as performance guarantor of all subcontractors.

The performance guarantee is memorialized in ¶ 10.4 of the Contract. It reads as follows:

> 10.4  Notwithstanding anything herein to the contrary and in recognition of the fact that [MH Washington] has requested that [Weitz] not require that its subcontractors provide performance and payment bonds, [MH Washington] agrees to accept all risk for the performance and payment defaults of [Weitz's] subcontractors in the performance of the [Project], and [MH Washington] agrees to defend, indemnify, and hold [Weitz] harmless from and against any claims, damages, losses and expenses including but not limited to attorney's fees and warranty work arising out of or in connection with the payment or performance defaults of the subcontractors.

**B.    Discussion**

MH Washington has moved to dismiss Weitz's counterclaim on the ground that "a counterclaim in reply to a counterclaim is not an authorized pleading." (Doc. 27 at 2); *Turner & Boisseau, Chartered v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D. Kan. 1997) (holding that, instead of advancing a counterclaim in reply to a defendant's counterclaim, a plaintiff should move for leave to amend its complaint pursuant to Fed. R. Civ. P. 15(a)).  For its part, Weitz cites several cases where courts have allowed plaintiffs to counterclaim in reply to a defendant's counterclaim. *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D. Del. 1970) ("That a plaintiff may counterclaim in his reply is established both in the case law and the texts."); *Ivey v. Daus*, 17 F.R.D. 319, 321 (S.D.N.Y. 1955) ("Counterclaims are perfectly proper subjects of a reply.").

The weight of authority on this question favors Weitz.  *See* Wright & Miller, 5 *Federal Practice and Procedure*, § 1188 n.2.  It is particularly important to permit a reply in this case because Weitz has raised what is effectively a compulsory counterclaim to

3

MH Washington's counterclaim. Since Weitz's claim is directly related to the specific allegations raised in MH Washington's counterclaim, it is appropriate to permit them to be raised in reply.  Therefore, MH Washington's Motion to Dismiss is denied.

## II.  ARROWHEAD'S MOTION TO COMPEL ARBITRATION

### A.  Overview

Arrowhead contracted with Weitz to perform certain construction work on the Project.  Weitz terminated Arrowhead from the Project after a dispute arose regarding Arrowhead's work.  Sometime thereafter, Arrowhead sued Weitz in the Circuit Court of Jackson County, Missouri in an attempt to recover money it believes it is owed.

After the state court action was filed, Arrowhead and Weitz discussed the possibility of arbitrating the claims between them.  On October 23, 2006, Arrowhead's counsel sent Weitz's counsel a letter outlining the terms of the proposed arbitration.  In a November 7, 2007 email, Weitz's counsel stated that he "believe[s] [Arrowhead's counsel's] letter of October 23 does correctly outline the type of arbitration we have agreed upon." (Doc. 43, Ex. B).  Notwithstanding the parties' desire to arbitrate their dispute, no arbitration ever occurred.  Arrowhead filed a motion to compel arbitration in the state court case, which was denied on March 20, 2007, and is currently on appeal in the state appellate court.

### B.  Discussion

Arrowhead argues that the Court should grant its Motion to Compel Arbitration because (1) an express written agreement exists between the parties, and (2) Weitz

4

breached the agreement to arbitrate. (Doc. 43 at 3). On the other hand, Weitz argues that the Court should deny Arrowhead's Motion to Compel Arbitration because (1) it is barred by the doctrine of collateral estoppel; (2) there was no agreement concerning the scope of the arbitrator's authority; (3) Arrowhead contractually agreed to participate in the federal proceedings; and (4) the suit is not ripe for arbitration. (Doc. 53 at 2).

This Court lacks jurisdiction to decide Arrowhead's Motion to Compel Arbitration. In the state court action, Arrowhead filed a motion to compel arbitration, which requested identical relief to that sought herein. The state court judge denied Arrowhead's motion, and Arrowhead has appealed the state court judge's ruling. By filing its Motion to Compel Arbitration with this Court, Arrowhead, for all practical purposes, has requested that this Court exercise appellate review of the state court's decision.

"The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments." *Skit International, Ltd. v. DAC Technologies of Arkansas, Inc.*, 2007 WL 1468819, *2 (8th Cir. 2007). With the exception of habeas petitions, only the United States Supreme Court may exercise appellate review of state court judgments. *Id*. *Rooker-Feldman* is implicated in cases, such as the instant case, where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it. *Id*. Furthermore, because the doctrine is jurisdictional, the Court may raise it *sua sponte*. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004); *see also, American Reliable Ins. Co. v.*

5

*Stillwell*, 336 F.3d 311, 319 (4th Cir. 2003) (holding that *Rooker-Feldman* doctrine applies to interlocutory and final orders issued by state courts).

In this case, Arrowhead lost its bid to compel arbitration at the state court. Its recourse is with the state court of appeals, not the federal district court. Because the Court is without jurisdiction to decide Arrowhead's Motion to Compel Arbitration, the motion is denied.

In the event the Court denied its Motion to Compel Arbitration, Arrowhead requests leave to assert its claims in a counterclaim against Weitz. Arrowhead's Motion for Leave is granted.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that

(1) MH Washington's Motion to Dismiss Weitz's Counterclaim [Doc. # 26] is DENIED;

(2) Arrowhead's Motion to Compel Weitz to Arbitration [Doc. # 43] is DENIED; and

(3) Arrowhead's Motion for Leave to File Counterclaim Against Weitz [Doc. # 43] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 5, 2007
Jefferson City, Missouri