IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| The Weitz Company, LLC, | ) | |
| | ) | |
| Plaintiff/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0559-CV-W-NKL |
| | ) | |
| MH Washington, LLC, | ) | |
| | ) | |
| Defendant/Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| McCambridge Brothers Construction Company, Inc., et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Weitz Company's ("Weitz") Motion for Summary Judgment [Doc. #112]. Weitz's Motion for Summary Judgment is DENIED.

**I. Overview**

MH Washington, LLC ("MH Washington"), and MacKenzie House, LLC ("MacKenzie House") (collectively the "Owners"), contracted with Weitz on December 14, 2004, to provide infrastructure work for Weitz's construction project (the "Project") at 4537 Washington Street, in Kansas City, Missouri. In the contract, MH Washington and MacKenzie House are designated as "Owner" and Weitz is designated as "Contractor." The Owners terminated Weitz from the Project after a dispute arose regarding Weitz's work.

1

Weitz subsequently sued the Owners and the Owners counterclaimed against Weitz alleging delay in the Project and defective work by Weitz subcontractors. In addition, the Owners sued Weitz's subcontractors. Weitz then filed third party claims against its subcontractors.

In its motion for summary judgment, Weitz claims that ¶ 10.4 of its general contract with the Owners requires them to defend, indemnify and hold Weitz harmless from any claims arising out of "payment or performance" defaults of Weitz's subcontractors. Weitz drafted the language of Section 10.4, which is not a standard provision in A111 general contracts. (Weitz Statement of Undisputed Facts ("SUF") ¶ 7).

Paragraph 10.4 of the contract between Weitz and MH Washington and MacKenzie House reads as follows:

> 10.4 Notwithstanding anything herein to the contrary and in recognition of the fact that the Owner has requested that Contractor not require that its subcontractors provide performance and payment bonds, Owner agrees to accept all risk for the performance and payment defaults of the Contractor's subcontractors in the performance of the Work, and Owner agrees to defend, indemnify and hold Contractor harmless from and against any claims, damages, losses and expenses including but not limited to attorney's fees and warranty work arising out of or in connection with the payment or performance defaults of the subcontractors.

The phrase "payment or performance defaults" is not defined in the contract.

In its Motion for Summary Judgment, Weitz asks the Court to rule that:

> ¶ 10.4 of the Prime Contract is not ambiguous; that the Owner accepted all risk for performance or payment defaults of the subcontractors on the Project; that the Owner is liable for any payment or performance defaults by subcontractors in this case, the existence of any such defaults which are to be litigated as this case continues; and that the Owner is liable to Weitz for any damages,

2

including defense costs and attorneys' fees, that Weitz incurs as a result of performance or payment defaults by a subcontractor on the Project. (Doc. 112).

## II. Discussion

The parties do not dispute the application of Missouri law. Under Missouri law, courts will enforce the plain meaning of contract terms. *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 349 (Mo. 2006). Contracts are construed so as to give effect to all of their provisions. *See Massman Constr. Co. v. Kansas City*, 487 S.W.2d 470, 476 (Mo. 1972); *Purcell Tire & Rubber Co., Inc. v. Executive Beechcraft, Inc.*, 59 S.W.3d 505, 510 (Mo. 2001). If a contract promises something at one point and takes it away at another, there is an ambiguity. Such an ambiguity is patent, rather than latent, and may be resolved within the four corners rather than by means of extrinsic aids. *Lutsky v. Blue Cross Hospital Service, Inc.*, 695 S.W.2d 870, 875 n.7 (Mo. 1985). "Seeming contradictions must be harmonized away if that course be reasonably possible." *State Mut. Life Assurance Co. v. Dischinger*, 263 S.W.2d 394, 401 (Mo. 1953); *Schwarz v. Waterway Gas & Wash Co.*, 108 S.W.3d 71, 73 (Mo. Ct. App. 2003) ("[W]e give the language used [in a contract] its natural, ordinary, and common sense meaning, and consider the entire contract, along with its object, nature and purpose.") (citation omitted).

Paragraph 3.3.2 of the contract provides that:

The Contractor shall be responsible to the Owner for acts and omissions of the Contractors' . . . Subcontractors . . .

Paragraph 8.1.6 provides that the Contractor will not be reimbursed for:

3

> [C]osts due to the negligence of, or failure to comply with the requirements of the Contract Documents, by the . . . Subcontractors . . . including but not limited to costs for the correction of damaged, defective or nonconforming Work . . . .

These provisions are in seeming conflict with ¶ 10.4 which says that it is the Owner that is responsible for "all risk for the performance and payment defaults of the Contractor's subcontractors . . . ." If Weitz is correct that ¶ 10.4 applies to work done by all its subcontractors, then ¶ 3.3.2 and ¶ 8.1.6 would be surplusage. That result is inconsistent with Missouri law which provides that contracts are construed to give effect to all of their provisions and seeming contradictions must be harmonized if possible taking into account the purpose of each provision.

Paragraph 10.4 indicates that the Owners were accepting responsibility for the payment or performance defaults of the subcontractors in exchange for the contractor's promise to not require its subcontractors to get payment and performance bonds. Thus, the purpose of ¶ 10.4 is clearly limited to non-bonded subcontractors, particularly in light of the other provisions of the contract that hold the contractor responsible for its subcontractors and the overall understanding reflected in the contract that Weitz would be managing subcontractors and doing no work itself. This interpretation harmonizes the seeming contradiction between ¶ 10.4 on the one hand and ¶¶ 3.3.2 and 8.1.6 on the other. This interpretation gives meaning to all provisions in the contract, as well as being consistent with its purpose.

Weitz's summary judgment motion must therefore be denied. ¶ 10.4 is ambiguous in that it takes away what is expressly guaranteed in ¶ 3.3.2 and ¶ 8.1.6. Therefore, the Court

4

rejects Weitz's request that ¶ 10.4 be deemed unambiguous. Paragraph 10.4 does not require the Owners to accept all risk for the performance or payment defaults of the subcontractor. The Owners are only responsible for performance and payment defaults of unbonded subcontractors.[1] Therefore, the Court cannot rule as requested in Weitz's Motion for Partial Summary Judgment that the Owners are responsible to the Contractor for all losses attributable to the subcontractors on the Project.

## II. Conclusion

Accordingly, it is hereby ORDERED that Weitz's Motion for Summary Judgment [Doc. # 112] is DENIED.

s/Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 31, 2008
Jefferson City, Missouri

---

[1] While the parties have discussed several other issues in their briefing, they were not raised in Weitz's Motion for Summary Judgment and, therefore, will not be resolved at this time given the absence of a complete factual record.