IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| The Weitz Company, LLC, | ) |
|     Plaintiff/Third-Party Plaintiff,, | ) |
| v. | ) |
| | ) No. 06-0559-CV-W-DGK |
| MH Washington, LLC, | ) |
|     Defendant/Counterclaimant, | ) |
| v. | ) |
| The Drywall Guys, Inc., et. al., | ) |
|     Third-Party Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Bifurcate Trial and Suggestions in Support (Doc. #330), Defendants Joint Suggestions in Opposition (Doc. #343), and Plaintiff's Reply (Doc. #348). For the following reasons the motion is DENIED.

### Standard

Federal Rule of Civil Procedure 42(b) states,

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . .

Separation of issues for trial is not, and should not be, routinely ordered. *See* Fed. R. Civ. P. 42 advisory note. The party moving for bifurcation bears the burden of proving that bifurcation is appropriate. *Cf. Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (holding the district court did not abuse its discretion by refusing to bifurcate claims because the

movant did not show prejudice). In exercising its discretion the court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). The potential benefits of bifurcation must outweigh the potential detriment. *Bancorp Services, LLC v. Sun Life Assurance Co. of Canada*, No. 4:00-CV-1073, 2006 U.S. Dist. LEXIS 20737, at *5 (E.D. Mo. April 14, 2006).

## Discussion

Plaintiff argues bifurcation is appropriate because this trial will last up to four weeks, and that it would be prejudiced if it presented its case and then the Court "abruptly adjourn[ed] to some later date, weeks or even months away." Plaintiff is concerned that if there were an adjournment then the jury might forget plaintiff's evidence, confuse or blur it with other evidence, and then once the trial resumed, give undue weight to the Defendants' more recently presented testimony. Plaintiff is also concerned that an adjournment would increase the risk of a mistrial and be unfair to the jurors.

In response, Defendants argue that prejudice is the key issue, and that Plaintiff's arguments concerning prejudice are speculative and do not demonstrate any concrete need for bifurcation. Defendants also argue that Plaintiff's concerns are inherent to complex litigation and potentially lengthy trials, and that Plaintiff is simply relitigating its motion to continue the trial setting which the Court denied on February 19, 2008.

The Third-Party Defendants contend they will be prejudiced if the trial is bifurcated because they will be unable to question witnesses regarding the amount of the liquidated damages claim and attribution of fault for this claim. They also note that they have already spent time and effort preparing for trial beginning on September 22, and that bifurcation would be

2
Case 4:06-cv-00559-DGK   Document 353   Filed 09/20/08   Page 2 of 4

inconvenient, could lead to inconsistent outcomes, and would not expedite the proceedings or enhance judicial economy.  They also argue that Weitz has simply waited too long to make this motion.

As an initial matter the Court rejects Plaintiffs assertion that this case might take four weeks to try, and therefore an adjournment will be required in this case.  The Court is confident that this case can be fairly tried in approximately two weeks, particularly if the parties work together to streamline the trial (i.e., by stipulating to the admissibility of certain documents, not reading lengthy deposition excerpts to the jury, avoiding lengthy bench conferences, etc.), and the Court is committed to assisting the parties in doing so.  The Court also notes that since the parties filed their briefs Plaintiff Weitz and Arrowhead Contracting, Inc. have settled which will reduce the number of attorneys in this case and shorten the trial.

The Court also notes that the risk of having to take an adjournment is present in every trial, particularly one involving a large number of parties, attorneys, and jurors, and that adjournment is rarely, if ever, fatal to the proceedings.

Turning to the motion, the Court agrees that it is not timely made, but this is irrelevant because the motion lacks merit.  Bifurcation is not appropriate here because it would result in duplicative litigation and the loss of judicial economy.  Although bifurcation would reduce the risk of adjournment in one or both of the subsequent trials, reducing that risk would come at a substantial cost. The Court would have to conduct two trials on the same set of facts to resolve a group of dispute that could most efficiently be resolved in a single trial.  Bifurcation would require twice as many jurors, require repetitive testimony from numerous witnesses, exhaust twice as many judicial resources, and multiply litigation costs to the parties, all while creating a

risk of inconsistent verdicts.  Bifurcation would also not reduce the risk of  prejudice to the parties nor preserve any parties' constitutional rights.

Accordingly, the Court finds that the benefits of bifurcation do not outweigh the detriments, and Plaintiff's Motion to Bifurcate Trial (Doc. #330) is DENIED.

IT IS SO ORDERED.

DATE:  September 20, 2008            /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT